IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-2034 RWR |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PARTIES' JOINT SCHEDULING CONFERENCE REPORT**

Plaintiff Judicial Watch, Inc. and Defendant Social Security Administration, by counsel, jointly submit this scheduling conference report in anticipation of the February 7, 2007 Initial Scheduling Conference.

It is Plaintiff's position that the first item of business that must be accomplished in this Freedom of Information Act ("FOIA") lawsuit is that Defendant must be ordered to search for records responsive to Plaintiff's June 6, 2006 FOIA request. In its Answer, Defendant admits in responding to paragraph 9 of Plaintiff's Complaint that "Defendant has not conducted a search to determine if it has in its possession documents that contain the information sought by Plaintiff," allegedly because the records Plaintiff requested are exempt from disclosure under 26 U.S.C. § 6103. Plaintiff submits that it is not possible for Defendants to make any such determination about claims of exemption, much less produce the kind of detailed *Vaughn* index necessary for Plaintiff and the Court to challenge and review Defendant's claims of exemption, unless and until a search for responsive documents has been conducted. Plaintiff thus proposes that Defendant be ordered to undertake and complete a search for documents responsive to Plaintiff's

June 6, 2006 FOIA request within thirty (30) days of the initial scheduling conference and that Defendant file any summary judgment motion and *Vaughn* index thirty (30) days thereafter. Plaintiff further proposes that it file a cross-motion/opposition within thirty (30) days of the filing of Defendant's motion, that Defendant file any opposition/reply fifteen (15) days thereafter, and that Plaintiff's reply be filed an additional fifteen (15) days thereafter.

It is Defendant's position that, in light of the clearly exempt nature of the information sought by plaintiff, it was not error for the defendant not to have conducted a search for responsive documents.  Nonetheless, defendant intends to file an agency declaration with its motion for summary judgment that will address the issue of whether defendant maintains information in a format that would be responsive to plaintiff's FOIA request.  At this time, it is not clear to undersigned counsel for the defendant (Fred E. Haynes) whether the search can be completed in the thirty days proposed by plaintiff, but undersigned counsel believes that it can be completed by the sixty days proposed by defendant for the filing of its motion and supporting declaration.  Therefore, defendant proposes that it file its motion for summary judgment with the agency's declaration within sixty days after the initial scheduling conference.

The parties do not consent to the transfer of this matter to a U.S. Magistrate Judge.

| | |
|---|---|
| Dated: February 2, 2007 | Respectfully submitted, |
| JUDICIAL WATCH, INC. | JEFFREY A. TAYLOR<br>D.C. Bar #498610<br>United States Attorney |
| /s/ Paul J. Orfanedes<br>D.C. Bar No. 429716<br>James F. Peterson<br>D.C. Bar No. 450171<br>Suite 500<br>501 School Street, S.W.<br>Washington, D.C. 20024<br>(202) 646-5172<br><br>*Counsel for Plaintiff* | RUDOLPH CONTRERAS<br>D.C. Bar #343122<br>Assistant United States Attorney<br><br><br>By authorization<br>FRED E. HAYNES<br>D.C. Bar #165654<br>Assistant United States Attorney<br>555 4th Street, N.W., Room E-4110<br>Washington, D.C. 20530<br>(202) 514-7201<br><br>*Counsel for Defendant* |